Good morning members of the court. The legal issues before you are. What's your name counsel? I'm sorry, Gene Varabia from behalf of the FBI. The legal issues before you are whether there was probable cause to support a search warrant for my client's computer for evidence of child pornography and whether it was, and whether the probable cause showing became stale. But the broader force amendment, the broader force amendment question is whether the government is permitted to search a very personal place like a personal computer based on nothing more than. Excuse me, can we turn this off? Could you ask her to mute it maybe? Yeah. Is it on mute? It's very distracting. Why don't you stop? Who's coming? Stop the time. Did I hit the button? Let counsel start all over. This isn't fair to have this distraction going on while we're trying to listen to oral argument. All right, now it's us. Is that okay? Okay, just fine. Okay, the technical legal issues are probable cause and staleness, but the broader force amendment issue is whether the government can search a personal computer which is a very private place based on. The fact that a year prior to the application for the search warrant, the person made two payments for a website that contained at least some child pornography. That's, I mean, this is all the government is going on. And the subscription didn't come with the ability to download, and the last subscription period ended more than 11 months prior to the warrant being applied for. Don't computers work in such a manner that once you download something once, it stays, even if you delete it, it stays on the hard drive? Well, once you download it, I think I would say it's very difficult to delete it. I mean, it's possible. You would have to, number one, you'd have to delete it, then you would have to reformat the disk, and it would have to be overwritten. So it's not always in your control. I mean, you can do everything in your power, but unless the computer writes something over, it will stay there. But there is no evidence that my client had ever downloaded anything on his computer. But do you have to have evidence that your client downloaded when you know that he had access to downloadable material when the standard is fair probability? Well, if there was evidence that he had downloadable access, I would probably agree with you under Gordy. This is what Gordy says, that if you had downloadable access. I mean, Gordy adds other factors, but essentially, yes, if you had downloadable access, it certainly would make the government case a lot more stronger than under fair probability standard. You know, they may get there. But in this case, there is no evidence of the ability to download. The district court made no finding on that point. And in fact, I believe the district court made that point, the rule that I was around with. But counsel, wasn't the search warrant partly based on the investigation that had been previously done where the agent himself tested the system, paid the membership fee and was able to access pornography, the child pornography? Right. But I believe that the affidavit says that he was able to view it, but there is not a single statement in that affidavit that he was able to download it. The government cited to one point in the affidavit when it says he viewed the captured content. But if you do a word search for that affidavit, the agent used the word download several times, like four or five, and at one point he explained what download means. So if the agent wanted to write that he downloaded an image and viewed it, he would have done so. I'm asking this question. I'm not sure I know the answer to it. But is it your argument that it's not a violation of the law to view child pornography, it's just a violation of the law to download it? Is that your argument? At the time that the warrant was applied for, yes. There was a subsequent change in the law which made it a crime to view, to access pornography was intended to view it. I cited in my brief there was a change in the law, I believe in the fall of 2008. The search in my client's case was February 2008. So at the time that the search took place and the warrant was applied for, it was not a crime. So getting back to my original theme, government says this search warrant was okay under GORDA. But I believe there are critical distinctions between this case and GORDA. And what the government is advocating is sort of a radical expansion of what GORDA allowed. One, I believe, very critical distinction is lack of any information in this case about what does a new subscriber, when they get to the ad site, what do they know? What do they see? In GORDA, I believe the entire analysis was built around that because it was a site that was called lolitagirls.com. It had child pornography directly on the ad site. It promised access to images of naked children ages 12 to 17. In fact, the agent's affidavit said given what was on the ad site and given what a person who signed up for this site saw every time he clicked, there is no way he would have thought he was buying anything other than child porn. You have zero information on that point here. All you have is an agent saying I accessed the site through an ad website and I paid the membership, got my information from the main organization, and then I accessed the membership-restricted site, and we don't really even know what the membership-restricted site looks like. We know there are some sections, but we don't even know what would you see if you paid membership, logged in, what do you see? There is nothing in the affidavit about that. I think that was information critical to the analysis in GORDA, and it's wholly absent in this case. And those- But we look at each search warrant in view of the circumstances surrounding that search warrant. Right. And with the idea in mind that there only has to be a fair probability that evidence of a crime will be found to support the search warrant. So I'm still having some difficulty with your argument, because why wouldn't it be enough for the agent to say I went on those sites, I paid my money, I accessed the members only, and there I was able to have access to child pornography. Why wouldn't that be enough to satisfy the fair probability standard? If it was a site that marketed itself as a child porn site, if it was a site where it was clear that you could access nothing but child porn, again, I think the government's case would be stronger. It would be stronger, but is it strong enough even without that? Because it's all fact-driven, it's hard for me to speculate. I will concede that if they had that, I think I would have much more difficulty with my argument. But the affidavit says, it's E paragraph 14, when they analyzed the PayPal records, they say analysis of the transactional logs obtained from PayPal provided the name and address of various customers who purchased access to at least one of the identified child pornography. Right. So he purchased access to the child porn site that's identified in the affidavit, and it says, you know, it goes on about how they can show that Cardenas was one of those people who did. Well, you know, maybe my recall of the affidavit is imperfect, but I don't believe the affidavit ever says that this is exclusively a child porn site. Well, they mention which ones are the child porn. They list them, they list the item, and then they say, I mean, this is what they say. I don't know if it's true, but this is what they say. Okay. They say these are the child porn sites, and they accessed them, they know they're child porn, and that Cardenas is identified as having purchased access to one of the child porn sites. Well, I guess Your Honor is referring to the portion of the affidavit where they're describing the investigation, and they say all of these are in a general manner. Given that subsequently they described these particular sites in more detail, and none of the agents actually viewed everything on the site, and the first site has a news and a software section, I don't think there is enough for you to say, even with under the fair probability standards, that everything that was on that site is child pornography. Why does it have to be everything? Because if it's not everything, then we have no idea what a person who goes to that site, what is their access. Let's say it was some legal and some illegal pornography on the site. The one they identified him with has a number, 1002, and then they say what this site is. They say this 1002 is a child exploitation member restricted website, and I don't know. I'm sorry, go ahead. On its face it seems to be enough. Well, the issue is not how they describe it, but what does he know when he buys a membership. The question is, would the magistrate believe based on the totality of everything that's in this affidavit, is there a fair probability that they would find evidence of a crime on this computer? It looks like this affidavit meets that standard.  Wait a minute, you said with respect to Judge Wardlaw was just referencing the item number 1002, which you mentioned as well, the first item. And the member restricted website contained the following sections. News, photos, videos, and software. It just wasn't news and software. Well, I don't know where he went. That gets back to my original point. Because we don't know how the site markets itself or what do you see when you sign up. What do you see when you log down as a member? First of all, I don't know what's in the news section. I don't know what's in the software section. The agent had ample time to describe that. They had more than a year to prepare the affidavit. So it's not like they were really in a hurry and didn't have time to outline it. And I don't know, first of all, whether he accessed the site at all. And if he did, which sections did he go to? What did he see? I mean, it was the government's burden to establish at least a fair probability of evidence of a crime being found on his computer. If so, I think it does make some difference whether or not it's all pornography or child pornography. More importantly, what does a person who buys the membership, what do they know when they buy it? Because I think this is how the analysis in Gorda was structured. Because there was obviously no evidence of actual download, but because this was a very, you know, it was a site that would directly address to marketing child pornography, and the person would have absolutely no way to be mistaken about what he's buying, and then he had the membership for two months, you know, then I think the magistrate could infer that there is at least a fair probability that the stuff would be found on the person's computer. Without that information, I don't think you can make that inference. And that's why I said that what the government is asking here is a radical expansion of what Gorda said, because it's one thing to infer from a very specific website like lolitagirls.com that he's going to have it on his computer. Absent any other evidence that he downloaded. But just from that membership. But now you're going to a situation where he paid money to some site that obviously has some child porn. No debate about that. But I think that's not enough to make the same inference. All right. Thank you, counsel. I think we understand your argument and your position that you believe we should remand this to have the conditions of modified conformity. All right. Thank you. Good morning, Your Honors. May it please the Court, Benjamin Baring for the United States. The magistrate judge in this case did not clearly err in finding probable cause to issue the search warrant, nor did the district court err in upholding the affidavit in this case. And I want to start with the standard of review because in the defendant's reply brief, the defendant argues based on the Ornelas case that a de novo standard of review applies. However, the Ornelas case under its own terms addressed the standard of review for determinations of probable cause in cases involving warrantless searches. And on its own terms, as set forth at page 699, more deferential standard, the clear error standard, applies for review of the issuance of warrants, precisely to incentivize getting a warrant before conducting searches. And that's also set forth in the Krupa decision from 2011, where this Court makes clear that a clear error standard of review applies. So with that standard of review in mind, did the magistrate judge clearly err in this case? And the answer is no. What you have is a defendant who had to access not the child pornography website itself, but a third-party paying vendor after clicking on the child pornography website to pay for membership. And there the defendant had to go through a detailed and elaborate process, including providing his credit card information, his name, his e-mail address, his address, his phone number. And the defendant had to spend an extraordinary amount of money, $80 in one case, $100 in another, in order to acquire access for the websites on two separate occasions. But that doesn't answer the question as to what he was actually getting access to. Well, Your Honor, there are two separate questions. And I think that's what the Gord opinion is getting at. The Gord opinion looked to the tree of solid facts applied in that case. One, did the website actually provide child pornography? Two, did the defendant obtain a membership with the intent of accessing that child pornography? And three, would the agents in this case have been able to obtain evidence of defendant's access of that child pornography? So one looks at the website, one looks at the defendant, and one looks at law enforcement. So what's your view as to when someone accesses the website? Is it your view that at that point that person knows that what they are getting is child pornography? Well, there are two issues. So one is because it's important to have these two issues. One is was this a website that trafficked in child pornography? What is the website? Was this a website that trafficked in child pornography? And the answer here is yes. How do we know that from the record? We know that from the record in multiple different ways. First of all, we know from the fact that Agent Dunn purchased two memberships to these two precise websites, viewed all of the images in the image galleries, confirmed that all of the images were of either child pornography or child erotica. And, in fact, there are details of both images and videos found on both websites, making it clear that they were, in fact, child pornography. Is there a difference? I'm sorry. No, go ahead. Finish your line. Is there a difference between child erotica and child pornography, in your view? There is, Your Honor. There is a difference in the sense that child pornography are videos or images of children engaged in sexual conduct, and child erotica is protected by the First Amendment and isn't necessarily illegal. However, I would note that in the Gord opinion and in multiple other opinions, there was not just child pornography, but actually, in the Gord opinion, adult pornography in that case. And the panel nevertheless, the en banc panel, voting 9-2, nevertheless upheld the warrant, saying that just because there was some material that was legal, that doesn't change the fact that the website did traffic in child pornography. And in any event, the very fact that there was child erotica on the website supported the separate inference of the defendant's interest in sexually explicit materials involving children. So my question relates to, okay, this triad from Chisholm, that a crime was committed. And I heard defense counsel argue that there was no crime committed if he merely accessed as opposed to downloaded the material. Your Honor, I would point not only to the Gord opinion, but to the Falso opinion. But do you agree with that premise, that at the time that this search warrant was issued, the law did not prohibit simply viewing child pornography? Do you agree with that? Your Honor, child pornography, possession involves the control of child pornography. By pulling child pornography onto a screen, you control it. But I don't think Your Honors need to get to that issue, because the evidence here is that the defendant – But what if we want to get to it? What's the answer? I understand. If Your Honors want to get to it, then I have two responses, which, first of all, it is possession by the defendant because the defendant has control by virtue of pulling it up. But second, I have to emphasize that this was an investigation not only into the defendant, but into the organization trafficking in child pornography itself. So even if all the defendant did here was pull up images or videos, the search was still authorized under the Zurcher opinion. And another case is cited in the briefs. What was the crime? So just accessing was a crime at the time? Possession, distribution, creation of child pornography, those are all distinct crimes. So if you click on a screen and something comes on your screen, are you possessing it? Your Honor, I don't want to get off track from the point of this case. I would say yes, but – Well, I'm sorry, but I'm there. So you better answer the question. You have to come with us. I understand, Your Honor. I would submit there certainly is the distribution, conspiracy distribution, attempts at distribution by the organization, and the defendant, by virtue of the fact that he pulled up the image indicates – But now which organization are you talking about? The home collection organization. Okay. Clearly, they're the trafficker. Okay. Yes. Your Honor, I mean – What's the crime? You're the one who's arguing the triad. Yes. The first point in the triad is that a crime was committed. Yes, Your Honor. The crime is both the distribution of child pornography by the organization and the acquisition of child pornography by the defendant. And I – My question is really to ask maybe – okay. You might think it has no bearing on this case, and maybe it doesn't. But if you merely access child pornography as opposed to downloading it, at this time, was that a crime? Your Honor, the answer is if the defendant intentionally accessed the child pornography with the intent of pulling it up, then yes. If it was unintentional, then no. Well, here's my problem with your approach. I thought our case law said – are you impatient? No. I apologize, Your Honor. There's just a point I really want to make very badly. We got it. We got it. You don't get to make your point. Yes, Your Honor. But we're – I apologize if I indicated any rudeness. Okay. We're deciding the case, and this is an important point to me. I don't know about my colleagues. But my point is I thought that our case has said in order to possess child pornography, the person accessing it has to exercise some kind of manipulation, putting it in a file, forwarding it, doing something to indicate a control over it. And that's the problem I have with your position. Your Honor, I want to hypothetically concede that Your Honor is correct that it is not possession. Nevertheless, it is well-established in Gord and a whole line of cases that purchasing a membership to a website that traffics in child pornography is sufficient evidence to find that the defendant downloaded child pornography. In other words, the fact in this case that the defendant actually downloaded child pornography was necessarily proper because of the – Well, he could have been after the news section of Home Collection CP archive. Yes, Your Honor. Or he could have been interested in acquiring some new software. Yeah. There are many – Which is contained in the description of the site. Your Honor, there are – In paragraph 17. There are multiple hypothetical, innocent explanations for what the – Well, you went there to the hypotheticals. So that's kind of problematic for you. Well, I'm not going there. But even if I was going there, the Falso case, the Martin case, and the Colquitt case all say that even if there is some hypothetical, innocent explanation, that isn't enough to defeat probable cause. Even if the defendant in Gore just wanted the adult pornography, hypothetically speaking, that doesn't defeat probable cause. Okay. Just so I understand your argument. Your argument is if a person buys a membership to a site that contains child pornography, among other items, that in and of itself is sufficient to establish probable cause for a search warrant. That's your position? That is in and of itself, absent some other facts indicating otherwise, sufficient to establish that the defendant downloaded child pornography from those websites. Okay. Now – It's sufficient to draw an inference. Right. Yes, Your Honor. And in fact, the board – But before we leave that, can you tell me your very strongest case to support that argument? Gord, Your Honor. Okay. Not only Gord, but Gord as applied in Falso, Bailey, Colquitt, Martin, Correias, Froman, McGann. Every one of those cases stands for the position that purchasing a membership to websites that give child pornography supports an inference that the defendant downloaded it. As a matter of fact, literally every single case cited by the defense and the government involving the purchase of memberships to these websites found either probable cause or good faith, and including the Gord decision by a 9-2 vote. So I would submit that the evidence here supported that inference. And unless Your Honor has other questions, I want to address specific arguments raised by the defendant here. First of all, the defendant argues that the websites in question didn't create the ability to download, or at least that the magistrate judge couldn't reach that finding. I would submit otherwise. First of all, the agent in this case actually was able to capture child pornography in question, indicating the defendant similarly could. But at Excerpt of Record 126, the affidavit discusses how downloading occurs. Namely, you pull up an image on the screen, you click on it, and you click save, and you're able to download. And as set forth in the affidavit, both of the websites that the defendant acquired membership to had images on it. And the inference there is that the defendant similarly could download it. All you have to do is just click the save button, and that's to download? Yes, Your Honor. And just from access, you can infer that you saved. Yes. And that is in the Gord opinion. The Gord opinion says it neither strains logic nor defies common sense to conclude that someone who paid for access to two months to a website that actually purveyed child pornography had viewed or downloaded such images onto his computer under the circumstances in that case, which are substantially present here. Right, counsel. Well, we have your briefs and everything. You're not losing any arguments, and you've exceeded your time, so. Can I ask one question about the supervised release conditions? You concede that there was a discrepancy between the oral pronouncement and the written judgment. Yes, Your Honor. And if I could just cite one additional case, which is for defendant's argument regarding advertising. No, no, no. My question was about the. I know. It's all right. We understand your argument. I apologize. Thank you, Your Honor. Thank you, counsel. Could I please have a minute? Okay. All right. You have a minute. Two points. One, I believe the Ronellis case clearly stands for a proposition that on the probable cause, your standard review is de novo. On the factual stuff, it's obviously clear error. Okay. Number two, just generally, letting a defendant go who obviously had child pornography impose a societal cost, I acknowledge that. But allowing a search on such, frankly, flimsy evidence, I think, also imposes a societal cost. And sometimes that outweighs letting the guilty go. That's the entire premise of the exclusionary rule. We understand it. Thank you, counsel. Okay. United States v. Cardenas is submitted.
judges: Wardlaw, Paez, Rawlinson